UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHONS D. BLADOWSKI,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
                                      /

Case No. 2:09-cv-11936

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING MOTION TO REOPEN AND/OR**
**SUPPLEMENT ADMINISTRATIVE RECORD (Dkt. 12)**

This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, seeking disability benefits allegedly due pursuant to an employee benefit plan, The action was filed in the Circuit Court for the County of Washtenaw, Michigan on April 8, 2009 and removed to this Court by defendant, the Prudential Insurance Company of America ("Prudential") on May 21, 2009.

Before the Court is the motion of plaintiff, Alphons D. Bladowski, to re-open and/or to supplement the administrative record. The plaintiff specifically seeks leave of the Court to add medical records post-dating the close of the administrative record, including a letter from plaintiff's treating physician that clarifies treatment notes that themselves are part of the administrative record. The matter is fully briefed. The Court finds that disposition of this matter would not be aided by oral hearing and hereby orders the matter submitted for determination on the briefs pursuant to E.D. Mich. L.R. 7.1(e)(2).

Plaintiff argues that the Court should reopen the administrative record for three reasons. First, the plaintiff argues that the defendant's denial letters were defective and failed to afford the plaintiff a full and fair review by the fiduciary of the decision denying the

claim, and that reopening the administrative record is appropriate under the case of *VanderKlok v. Provident Life and Accident Ins. Co., Inc.*, 956 F.2d 610 (6th Cir. 1992). Second, the plaintiff argues that the defendant's own policy language calls for a continued disability and ongoing attendance of a physician and ongoing treatment records should be considered. Third, the plaintiff argues that reopening the administrative record is appropriate because, under *Fontana v. Guardian Life*, 2009 U.S. Dist. LEXIS 3303 (N.D. Cal. Jan. 12, 2009), an insurer should not disregard evidence generated subsequent to the relevant disability date.

The Court finds that reopening the administrative record is not appropriate in this matter. In adjudicating an ERISA benefits action, the Court is, as a general rule, limited to the administrative record and may not admit or consider any evidence not presented to the administrator. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). The Court may only consider evidence outside the administrative record where the evidence is offered in support of a procedural challenge to the administrator's decision, such as a lack of due process or alleged bias. *Id.* The evidence offered by the plaintiff in the current motion was not submitted to the administrator, is not part of the administrative record, and is not offered in support of a procedural challenge to the administrator's decision. Under *Wilkins*, therefore, this Court may not consider the additional evidence sought to be included by the plaintiff.

Plaintiff argues that supplementation of the administrative record is appropriate because the denial of benefits letters sent by Prudential on September 16, 2008 and March 31, 2009 were cursory and failed to meet the standard of 29 U.S.C. § 1133 and 29 CFR 2560.503. Plaintiff cites *VanderKlok v. Provident Life and Accident Co.*, 956 F.2d 610 (6th

Cir. 1992), for the proposition that the letters were defective and that, as a result, the plaintiff should be permitted to supplement the administrative record.

*VanderKlok* does not require supplementation of the record in the present case. The denial letter in *VanderKlok* was insufficient in that it merely stated that the plaintiff's claim did not qualify "because the proof submitted does not establish that the insured is totally and permanently disabled from all work for the remainder of his life" and "[w]e will be happy to review any additional information which Mr. VanderKlok may wish to submit." *Id.* at 616. The denial of benefits letters in the present case, on the other hand, identify the relevant policy language, list the medical records reviewed, and identify the reasons the administrator had determined that the plaintiff had failed to sufficiently show that he continued to be disabled from performing the duties of his regular occupation as a CAD Operator. See AR 183-87; 229-34. The letters also state that plaintiff had the right to appeal the decisions and outline how such an appeal should be taken. *Id.* The denial letters in the present case, unlike that in *VanderKlok*, are sufficient to comply with the procedural requirements of 29 U.S.C. § 1133.

Plaintiff's other arguments do not change this conclusion. The fact that the plan at issue requires that the administrator consider ongoing treatment records does not change the *Wilkins* rule that this Court should confine its review to the record before the administrator. As for plaintiff's reliance on *Fontana v. Guardian Life*, 2009 WL 73743 (N.D. Cal. Jan. 12, 2009), that case is neither binding precedent in this jurisdiction nor does it support the proposition stated by the plaintiff. Rather, *Fontana* addressed the issue of whether the administrator abused its discretion when it ignored a medical report from the plaintiff's treating physician solely on the basis that the report was prepared after the relevant disability date. Id. at * 3-4. The medical report at issue in Fontana, furthermore,

was part of the administrative record, unlike the medical reports that plaintiff seeks to admit in the present case. Fontana, therefore, does not suggest a different result here.

**WHEREFORE**, it is hereby **ORDERED** that plaintiff's motion to re-open and/or to supplement the administrative record (docket no. 12) is **DENIED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 16, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 16, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager
